# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SHERRY PEEL JACKSON, | : | CRIMINAL NO. |
| Movant, | : | 1:07-CR-0108-ODE-GGB-1 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-2403-ODE |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, Sherry Peel Jackson ("Jackson"), has filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. (Doc. 117). Jackson challenges the constitutionality of her 48-month sentence imposed on February 14, 2008, following a jury trial and conviction in this Court. Jackson argues that she did not voluntarily, knowingly, and intelligently waive her right to counsel at the penalty phase of her case. The government argues that Jackson's claim is procedurally defaulted because she did not raise it in the direct appeal of her case. As discussed below, I agree with the government that Jackson's claim is procedurally defaulted. I therefore, RECOMMEND that Jackson's § 2255 motion be DENIED.

AO 72A
(Rev.8/8 2)

I. Background

On April 13, 2007, the United States Attorney for the Northern District of Georgia filed a criminal information charging Jackson with four counts of willful failure to file an income tax return for the years 2000 through 2003, in violation of 26 U.S.C. § 7203. (Doc. 1). Jackson retained three private attorneys to represent her on the criminal charges. (Docs. 11, 17, 18, 41). On April 26, 2007, Jackson was arraigned and pleaded not guilty. (Doc. 5). Jackson proceeded to a jury trial, and on October 30, 2007, the jury returned a verdict of guilty on all four counts. (Doc. 45). Sentencing was scheduled for February 14, 2008.

On January 17, 2008, Jackson's three retained attorneys filed a joint motion to withdraw. (Doc. 62). In their motion, the attorneys advised the court that Jackson told them that she no longer needed their services and that she intended to represent herself. The Court conducted a hearing on January 24, 2008 to discuss the motion to withdraw.

The January 24th hearing was attended by Jackson, two of her retained attorneys,[1] and the Assistant United States Attorney assigned to the case. (Doc. 115).

---

[1] One of the out-of-town attorneys was excused from attending, but was available by telephone.

At the hearing, the district judge told Jackson that she was entitled to keep her retained attorneys to represent her at sentencing, and that the court thought that Jackson needed a lawyer at sentencing. (Id. at 2-3). Jackson confirmed that she did not want her retained attorneys to represent her any further. (Id. at 4). Jackson claimed to have "counsel" named Mr. Thomas, but the court informed Jackson that because Mr. Thomas was not a lawyer, he would not be able to represent her at sentencing. (Id. at 2-3).

The court told Jackson that she faced a sentence as high as four years, that her situation was "very serious" and strongly advised her to have a lawyer. (Doc. 115 at 3). Jackson said that she would represent herself. The court warned Jackson that it would not postpone the scheduled sentencing if Jackson changed her mind and decided to hire a lawyer at the last minute. (Id. at 4).

Jackson refused to answer questions about why she wanted to represent herself, how she would prepare for sentencing, and what arguments she would make at sentencing. (Doc. 115 at 3). The court then granted the motion to withdraw, and allowed Jackson to proceed pro se. (Doc. 70).

Jackson's sentencing hearing was held on February 14, 2008. The court granted the Government's motion for an upward departure and sentenced Jackson to

3

twelve months on each of the four counts, to run consecutively, for a total term of 48 months of imprisonment. (Docs. 93, 96). The court advised Jackson of her right to appeal both her conviction and sentence. (Doc. 101 at 43). The court also told Jackson that she had the right to be represented by counsel on appeal, and that if she could not afford counsel, the court would appoint counsel for her. (Id.). The court told Jackson: "I strongly advise you to have counsel on appeal. It will be very difficult for you to come up with proper legal arguments that will serve yourself well." (Id.). Jackson declined the court's offer to appoint counsel if she qualified financially for appointed counsel. (Id.). When the court sought to confirm Jackson's desire to forego counsel on appeal by asking, "You do not want counsel?", Jackson responded, "No, I don't want you to assign counsel yet." (Doc. 101 at 44). The court then warned Jackson that events in the appeal would happen quickly, thereby suggesting that Jackson should not delay in obtaining or requesting counsel for the appeal. (Id.). Jackson never requested counsel and represented herself on appeal. She did not raise in her appeal any claim that her waiver of counsel at sentencing had been invalid. On October 10, 2008, the Eleventh Circuit affirmed Jackson's convictions and sentences. (Doc. 114).

On August 31, 2009, Jackson filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, raising the following grounds for relief:

1.  ineffective assistance of counsel at trial; and

2.  the Court failed to provide counsel at sentencing and failed to properly warn Jackson of the risks of representing herself at that hearing in violation of <u>Faretta v. California</u>, 422 U.S. 806 (1975).

(Doc. 117).

On March 8, 2010, the district court referred the matter to me for an evidentiary hearing on Jackson's ineffective assistance of counsel claims, and to appoint counsel for Jackson if she qualified for appointed counsel. (Doc. 125). I appointed the Federal Public Defender Program to represent Jackson and gave appointed counsel an additional fourteen days to file an amended § 2255 motion if counsel chose to do so.

Whitman Matthew Dodge, an attorney with the Federal Defender Program, entered an appearance for Jackson. (Doc. 127). Through Mr. Dodge, Jackson filed a motion to withdraw her claims of ineffective assistance of counsel and to cancel the evidentiary hearing. (Doc. 132). Jackson expressed her desire to proceed only on her claim that she did not voluntarily, knowingly and intelligently waive her right to counsel at the penalty phase of the case. I granted Jackson's motion (Doc. 135).

5

Jackson elected not to file an amended petition. The government and Jackson's appointed counsel filed briefs. (Docs. 132, 134, 137). The matter is now before me for a Report and Recommendation.

II.     Analysis

Congress enacted § 2255, authorizing the filing of motions to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed sentences. United States v. Jordan, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." Hill v. United States, 368 U.S. 424, 426-27 (1962); see generally United States v. Hayman, 342 U.S. 205 (1952).

As stated above, Jackson's only remaining claim is that she did not voluntarily, knowingly and intelligently waive her right to counsel at the penalty phase of the

case.[2] In support of this claim, she asserts that the district judge did not conduct a sufficient inquiry into her request to represent herself at sentencing.[3] The Government argues that Jackson is procedurally barred from raising that claim in this § 2255 motion because she failed to raise the issue in her direct appeal of her conviction and sentence.

Generally, a movant must advance an available challenge to her conviction on direct appeal, or else the Court must consider the challenge procedurally barred in a § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994).

---

[2] Jackson and the government refer to Jackson's claim as a Faretta claim in reference to Faretta v. California, 422 U.S. 806 (1975). Faretta held that a defendant in a criminal trial has a constitutional right to proceed without counsel when he knowingly, voluntarily, and intelligently elects to do so. The phrase "Faretta claim" is usually used to describe a defendant's claim that he was denied his right to represent himself. See e.g. Gamble v. Secretary, Florida Dept. of Corrections 450 F.3d 1245 (11th Cir. 2006). Because Jackson is not claiming that she was denied the right to represent herself, I will not refer to her claim as a "Faretta claim." Instead, I will use the phrase "invalid waiver/right to counsel claim" to describe Jackson's claim.

[3] "The ultimate test for whether there has been a valid waiver of the right to counsel 'is not the trial court's express advice, but rather the defendant's understanding.'" United States v. Fant, 890 F.2d 408, 409 (11th Cir. 1989). The Eleventh Circuit has adopted a multifactor test to determine if a criminal defendant's waiver of counsel was knowing, voluntary and intelligent. See United States v. Cash, 47 F.3d 1083, 1088-89 (11th Cir.1995). Because, as discussed below, I find that this claim is procedurally defaulted, I do not reach the merits of Jackson's claim, and thus do not discuss this multifactor test.

7

"A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Lynn, 365 F.3d at 1234-35 (quoting Mills, 36 F.3d at 1055). Because Jackson does not argue actual innocence, I will discuss only the first exception to the procedural default rule.

"[T]o show cause for procedural default, [Jackson] must show that some objective factor external to the defense prevented [Jackson] . . . from raising [her] claims on direct appeal and that this factor cannot be fairly attributable to [Jackson's] own conduct." Id. at 1235 (citing Smith v. Jones, 256 F.3d 1135, 1145 (11th Cir.2001)). Cause can be established by "showing that the factual or legal basis for a claim was not reasonably available . . . or that 'some interference by officials' made compliance impracticable." Murray v. Carrier, 477 U.S. 478, 488 (1986) (quoting Brown v. Allen, 344 U.S. 443, 486 (1953)) (internal citations omitted).

8

Jackson never raised the invalid waiver/right to counsel claim in her direct appeal. Thus, the claim is procedurally defaulted in this Court.

Jackson argues as cause to excuse her procedural default that the facts supporting her invalid waiver/right to counsel claim were not reasonably available to her at the time of the direct appeal because the transcript of the January 24, 2008 hearing had not been prepared and was not part of the record on appeal. (Doc. 137 at 4-5). While it is true that the transcript of the January 24, 2008 hearing was not part of the record on appeal, its absence from the record does not constitute cause for a procedural default.

The underlying facts supporting Jackson's invalid waiver/right to counsel claim were not only available to Jackson at the time of her pro se appeal, but Jackson knew about them because she was present at the January 24, 2008 hearing. Jackson could have raised the claim in her appeal and requested the transcript of the conference as factual support of her claim.

Jackson attempts to shift the blame for the absence of the transcript by pointing out that she submitted a transcript request form to the court reporter which checked off the boxes for "trial" and "sentencing." She argues that the January 24th hearing should have been included as part of the sentencing hearing. These facts and

9

argument do not support the conclusion that the underlying facts supporting Jackson's claim were not reasonably available to her on appeal. Jackson could have specifically requested the transcript of the January 24th conference in the "other" category on the request form. (Doc. 99). Moreover, Jackson also could have moved to supplement the record on appeal once she realized that the transcript of the January 24, 2008 hearing was not included. The court did nothing to hinder Jackson's ability to obtain the transcript. Under these circumstances, the absence of the transcript at the time of Jackson's appeal does not constitute cause to excuse the procedural default. See McCoy v. Newsome, 953 F.2d 1252, 1260 (11th Cir.1992) (finding that petitioner had not established cause because he did not show that he was denied access to transcript by a factor beyond his control); Hill v. Terry, No. CV 109-010, 2010 WL 2604693, at *4 (S.D. Ga. Feb. 25, 2010) (holding petitioner failed to demonstrate cause to overcome his procedural default where petitioner did not allege or make any showing that the state denied a request for the trial transcript). Thus, the Court is barred from considering the merits of her claim.[4]

---

[4]Jackson cites Dorman v. Wainwright, 798 F.2d 1358, 1370 (11th Cir. 1986), in support of her claim that a pro se petitioner may avoid procedural default when she lacks a transcript on direct appeal. However, Dorman is distinguishable from Jackson's case because the petitioner in Dorman had inquired with the trial court regarding the status of the trial transcript on at least two occasions, and the delay

AO 72A
(Rev.8/82)

Jackson also contends that this Court "must be more tolerant of a purported procedural default" because of her pro se status on appeal.[5] Jackson suggests that the district court's purported insufficient inquiry and advice about her waiver of counsel for sentencing contributed to Jackson's decision to waive counsel on appeal. (Doc. 137 at 6). However, the district court strongly advised Jackson that she should have counsel for her appeal and offered to appoint counsel for her, yet Jackson still persisted in representing herself. See Webb v. United States, Civil No. 3:08-CV-0515-D, Crim. No. 3:04-CR-334-D, 2008 WL 4055775 (N.D. Tex. Aug. 20, 2008) (holding petitioner's claim that he was denied right to counsel on direct appeal was foreclosed by the petitioner's election to proceed pro se on direct appeal). Under these circumstances, Jackson's pro se status is insufficient to excuse her failure to raise her invalid waiver/right to counsel claim claim on appeal. See Jenkins v.

---

required petitioner to request several extensions of the appellate timetable. The petitioner ultimately dismissed his direct appeal because of the unreasonable delay to seek alternative relief. Thus, the state's failure to timely provide the petitioner in Dorman with the transcript was out of the petitioner's control and sufficed as "cause" for his procedural default.

[5]Jackson does not argue that her waiver of counsel on appeal was invalid. Ground Three of her § 2255 motion, the only ground on which she is proceeding, specifically limits her argument to her decision to waive her right to counsel at sentencing. (Doc. 117 at p. 24).

11

Bullard, 210 F. App'x 895, 901 (11th Cir. 2006) (holding the fact that petitioner was proceeding pro se with his habeas petition was insufficient to establish cause for his procedural default of particular claims in state court); Harmon v. Barton, 894 F.2d 1268 (11th Cir. 1990) (ignorance of the law fails to establish cause for a procedural default).  Therefore, Jackson's claim is procedurally defaulted and should not be considered on the merits.[6]

III.  Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Sherry Peel Jackson's motion to vacate sentence (Doc. 117) be **DENIED**.

**IT IS SO RECOMMENDED**, this 26th day of August, 2010.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

---

[6]Jackson also argues that she has suffered "actual prejudice" from her Faretta claim.  However, where a petitioner fails to establish cause, a federal reviewing court need not examine prejudice.  Smith v. Murray, 477 U.S. 527, 533 (1986).

AO 72A
(Rev.8/82)