FILED IN CHAMBERS
U.S.D.C. - Atlanta

NOV 2 9 2010

James N. Hatten, Clerk
By: /s/ AmCauie
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL CASE NO. |
| v. | 1:07-CR-108-ODE |
| SHERRY PEEL JACKSON | |

ORDER

This case is before the Court on Movant Sherry Peel Jackson's ("Jackson") objections [Doc. 140] to the Report and Recommendation ("R&R") of Magistrate Judge Gerrilyn G. Brill [Doc. 139], in which Magistrate Judge Brill considered Jackson's motion to vacate sentence pursuant to 28 U.S.C. § 2255 [Doc. 117] and recommended that this Court deny the motion. For the reasons set forth below, Jackson's objections [Doc. 140] are OVERRULED, and the R&R [Doc. 139] is ADOPTED IN ITS ENTIRETY. Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 [Doc. 117] is accordingly DENIED.

I.   Background

Unless otherwise indicated, the following facts are undisputed.

On April 13, 2007, the United States Attorney for the Northern District of Georgia filed a criminal information in this Court charging Jackson with four counts of willful failure to file an income tax return for the years 2000 through 2003, in violation of 26 U.S.C. § 7203 [Doc. 1]. Jackson pled not guilty and proceeded to trial. Jackson retained three attorneys to represent her [Docs. 5; 11; 18; 41]. On October 30, 2007, a jury returned

a guilty verdict on all four counts against Jackson [Doc. 45]. The Court scheduled Jackson's sentencing for February 14, 2008.

On January 17, 2008, Jackson's three retained attorneys filed a joint motion to withdraw [Doc. 62]. The motion indicated that Jackson told her attorneys that she no longer needed their services and that she intended to proceed pro se [Id. at 1]. The Court accordingly scheduled a hearing for January 24, 2008 to discuss with the parties the motion to withdraw.

At the hearing, two of Jackson's attorneys were present and the third was out of town but available via telephone [Doc. 115 at 1, 4-5]. The Court spoke to Jackson at the outset of the hearing, stating, "You're entitled to keep these lawyers on to represent you at sentencing, and I think you need a lawyer at sentencing" [Id. at 2]. Jackson responded, "I relieved them. So the answer is no" [Id.]. The Court asked Jackson whether she intended to retain a new lawyer [Id.]. Jackson responded that she did, but the Court informed Jackson that the individual she intended to retain was not a member of the bar and therefore would be unable to represent her at sentencing [Id. at 2-3]. The Court then advised Jackson that she had the right to represent herself, but that the Court "would very strongly advise" that Jackson have counsel [Id. at 3]. The Court continued, "The convictions that you have are serious, and I think you really need to put your best foot forward at that sentencing hearing" [Id.]. Further, while the Court warned Jackson that she faced "a sentence as high as four years from this conviction," Jackson continued to assert her intention to proceed pro se [Id. at 3-4]. When asked why she wanted to represent herself, how she would prepare for sentencing,

2

and what arguments she intended to make at sentencing, Jackson refused to answer [Id.] The Court accordingly granted the motion to withdraw and permitted Jackson to proceed pro se at sentencing [Doc. 70].

The Court sentenced Jackson on February 14, 2008 [Doc. 101]. The Court granted the Government's motion for an upward departure due to Jackson's high degree of willfulness, actual ability to pay her taxes, total lack of remorse, potential for recidivism, and perjury at trial [Id. at 40-41]. Accordingly, the Court sentenced Jackson to 12 months on each of the four counts, to run consecutively, for a total of 48 months of imprisonment [Id. at 42]. At sentencing, the Court advised Jackson that she had the right to be represented by counsel on appeal, including the right to appointed counsel if she was unable to afford to retain counsel [Id. at 43]. The Court emphasized to Jackson, "I strongly advise you to have counsel on appeal. It will be very difficult for you to come up with proper legal arguments that will serve yourself well" [Id.]. To this end, the Court asked whether Jackson would like the Court to "go ahead and appoint counsel" [Id.]. Jackson declined, stating that she did not want the Court "to assign counsel yet" [Id. at 43-44]. The Court again advised Jackson of the importance of counsel, stating, "keep in mind things are going to start happening fast. As soon as the judgment and commitment is filed the clock is ticking. So keep that in mind" [Id. at 44].

On appeal, Jackson proceeded pro se [Doc. 114 at 2]. She did not at that time raise any claim that her waiver of the right to counsel at sentencing was invalid. On October 10, 2008, the

3

United States Court of Appeals for the Eleventh Circuit affirmed Jackson's convictions and sentences [Id. at 2-3].

On August 31, 2009, Jackson filed a pro se motion to vacate sentence in accordance with 28 U.S.C. § 2255 [Doc. 117]. Jackson asserted, "her sentence is due to be vacated given she did not waive her right to counsel at the penalty phase, voluntarily, knowingly, and/or intelligently, i.e., with a full comprehension check, all in violation of her Fifth and Sixth Amendment rights under the U.S. Constitution" [Id. at 2].[1]

II. Discussion

    A.    Magistrate Judge Brill's Report and Recommendation

Magistrate Judge Brill considered Jackson's § 2255 motion to vacate sentence and recommended that the Court deny Jackson's motion because she failed to raise her argument of an invalid waiver of the right to counsel on direct appeal and was therefore procedurally barred from raising the issue in a subsequent § 2255 postconviction proceeding [Doc. 139]. Magistrate Judge Brill initially cited the general rule that a movant must advance an available challenge to her conviction or sentence on direct appeal and, if she fails to do so, any subsequent challenge is procedurally barred in a § 2255 proceeding [Id. at 7]. Thus, in accordance with this rule, Magistrate Judge Brill concluded that Jackson is barred from asserting that she did not knowingly, voluntarily, and intelligently waive her right to counsel unless she shows cause for not raising the claim of error on direct

---

[1] Jackson also asserted ineffective assistance of trial counsel as a basis for her motion, but later withdrew this argument on the advice of new counsel [Doc. 132; 135].

4

appeal and shows actual prejudice from the purported error [Id. at 8].

Magistrate Judge Brill found that Jackson failed to show cause for not raising the claim of error on direct appeal because she failed to meet her burden of establishing that the factual or legal basis for her claim was not reasonably available during her direct appeal [Id.]. Jackson argued that facts supporting a claim for her invalid waiver of the right to counsel were not available on direct appeal because a transcript of the January 24, 2008 motion hearing, in which the Court agreed to permit Jackson's counsel to withdraw, was not part of the record on appeal. Magistrate Judge Brill rejected this contention, finding that the factual and legal bases for Jackson's invalid waiver claim were reasonably available because Jackson was actually present at the hearing about which she purportedly lacked knowledge [Id. at 9]. Magistrate Judge Brill further found that even if Jackson's presence alone did not suffice, nothing external—such as the Court itself—prevented Jackson from obtaining the factual and legal basis for her claim by, for example, specifically requesting the hearing transcript [Id. at 9-10].

Magistrate Judge Brill also rejected Jackson's argument that her pro se status should constitute cause to excuse her procedural default. Jackson argued that the Court should be more tolerant of her procedural default because the Court made an insufficient inquiry into and gave insufficient advice regarding Jackson's decision to proceed pro se, the direct result of which Jackson suffered a procedural default. Magistrate Judge Brill found that the Court strongly advised Jackson to maintain counsel several

5

times, warnings which were sufficient under even a liberal standard for pro se proceedings [Id. at 11-12]. Magistrate Judge Brill accordingly recommended that the Court deny Jackson's § 2255 motion to vacate sentence [Id. at 12].

B.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of the R&R to which Jackson has timely and specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673-74 (1980).

C.  Analysis

Jackson raises two objections to Magistrate Judge Brill's R&R, arguing first that Jackson has in fact demonstrated cause excusing her failure to raise her invalid waiver of the right to counsel claim on direct appeal; and second, that Magistrate Judge Brill failed to appropriately consider the effect of Jackson's pro se status on the procedural default [Doc. 140 at 3-10]. Jackson also again argues that she suffered actual prejudice due to the purportedly invalid waiver of her right to counsel and that, if the Court reaches the merits of her § 2255 motion to vacate sentence, her underlying claim for a constitutionally invalid waiver of her right to counsel supports the motion [Id. at 10-13]. Each of Jackson's objections are addressed in turn. For the reasons set forth below, the Court need not address Jackson's remaining substantive arguments.

Jackson first objects to Magistrate Judge Brill's determination that she failed to show cause as to why she did not

6

raise her claim for an invalid waiver of the right to counsel on direct appeal. "Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994). The law recognizes two exceptions to this rule. First, while not under consideration here, "'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Second, a petitioner may raise a novel claim in a motion for § 2255 relief if "he can establish cause for the default and actual prejudice resulting from the alleged error." Id. at 1055. In general, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's [or the petitioner's] efforts to comply with the . . . procedural rule." Murray, 477 U.S. at 488. The rule by its very terms accordingly has two parts. First, the petitioner must show "efforts to comply with the . . . procedural rule"; namely, that she diligently pursued the information she lacks. Second, the petitioner must establish that she failed to obtain that information due to an objective factor beyond her control. See id. (listing as objective impediments "a showing that the factual or legal basis for a claim was not reasonably available" and "some interference by officials" (internal quotation marks omitted)); Hill v. Terry,

7

No. CV 109-010, 2010 WL 2604693, at *4 (S.D. Ga. Feb. 25, 2010) (finding petitioner's claims procedurally defaulted because petitioner failed to show (1) that he pursued his trial transcript diligently and (2) that he was denied access to the transcript by a factor beyond his control by establishing, for example, that the state denied a request for the transcript).

Jackson objects to the R&R, asserting that the evidence necessary to raise her claim of an invalid waiver of the right to counsel did not exist at the time of the direct appeal, and that this absence constitutes the showing of cause required to raise the issue in a subsequent § 2255 motion [Doc. 140 at 5]. Specifically, Jackson contends that the transcript of the January 24, 2008 hearing constituted the "sole evidence" of the purported violation, without which the Eleventh Circuit would have dismissed an argument about an invalid waiver of the right to counsel as frivolous, and that the transcript's absence therefore amounted to an external factor that prevented Jackson from raising her claim on direct appeal [Id.].

The Court disagrees. Indeed, Jackson fails to establish both requirements of a showing of cause sufficient to excuse a procedural default. First, Jackson has not established that she diligently pursued a transcript of the January 24, 2008 hearing. In preparation for her appeal, Jackson requested all trial and sentencing transcripts. This request did not include the January 24, 2008 hearing because it was neither a trial nor a sentencing proceeding. Jackson asserts that, as a pro se appellant, she should not be penalized for failing to make a more specific request that would have included the hearing transcript

8

[Doc. 140 at 5-6]. This argument fails. Jackson was present at the January 24, 2008 hearing and therefore knew the underlying facts supporting any claims relating to her attorneys' withdrawal. She accordingly would have known, when her transcript request did not produce the January 24, 2008 hearing transcript, that she needed to obtain this additional transcript to supplement a claim relating to counsel's withdrawal. Because Jackson failed to attempt to do so by specifically requesting the transcript or otherwise notifying the Eleventh Circuit that she wished to make a claim based upon the transcript, she cannot now argue that she diligently sought the information.

However, even if Jackson's efforts to obtain trial and sentencing transcripts amount to a diligent pursuit of the factual and legal basis underlying her claim of invalid waiver of the right to counsel (as set forth in the January 24, 2008 hearing), it cannot be said that the absence of this information was beyond Jackson's control. Generally, those events that are considered beyond the petitioner's control (which cause the petitioner's inability to discern the factual basis for her claim) are those caused by the state's or an official's misfeasance. See Murray, 477 U.S. at 487-88 (citing interference by officials and ineffective assistance of counsel, which imputes conduct to the state, as external objective factors constituting cause to overcome procedural default); Dorman v. Wainwright, 798 F.2d 1358, 1370 (11th Cir. 1986) (holding that state "misfeasance" constituted cause beyond petitioner's control sufficient to overcome procedural default when the state failed to provide the petitioner with a trial transcript, despite the petitioner's

9

repeated requests for the same); see also McCoy v. Newsome, 953 F.2d 1252, 1260 (11th Cir. 1992) (rejecting petitioner's purported showing of cause—that trial transcripts were unavailable to petitioner to help him craft arguments for appeal—because petitioner did not establish that an external impediment, such as a rejected request for the transcript, caused the unavailability of the information).

Here, nothing in the record suggests that anyone refused to provide Jackson with a transcript of the January 24, 2008 hearing. Similarly, the Court did not hinder or delay Jackson's ability to obtain the transcript. The absence of the transcript was accordingly not due to misfeasance attributable to the government or the Court; indeed, the ability to obtain the hearing transcript was at all times squarely within Jackson's control. Jackson only needed to specifically request it. Jackson's objection as to Magistrate Judge Brill's finding of an insufficient showing of cause is therefore OVERRULED.

Jackson next objects to Magistrate Judge Brill's alleged failure to take sufficient consideration of Jackson's pro se status [Doc. 140 at 7-8]. Specifically, Jackson contends that the Court should be more tolerant of a procedural default "in this context, where this Court's error forced Ms. Jackson to represent herself" [Id. at 8]. Again, Jackson's objection fails. First, Jackson incorrectly asserts that Magistrate Judge Brill overlooked any effect that Jackson's pro se status had on her failure to raise the issue of invalid waiver of the right to counsel on appeal [Id. at 7-8]. Magistrate Judge Brill explicitly considered Jackson's pro se status and found that because "the district court

10

strongly advised Jackson" that she should have counsel "and offered to appoint counsel for her," Jackson's pro se status was insufficient to overcome these clear and unequivocal admonitions against proceeding pro se [Doc. 139 at 11-12].

Second, Jackson bases her entreaty for leniency on a legal conclusion that she has not proven; that is, that the Court accepted an invalid waiver of the right to counsel, thereby "forc[ing] Ms. Jackson to represent herself" [Doc. 140 at 8]. There is no evidence that Jackson was forced to represent herself, and Jackson's contention therefore lacks a factual underpinning. Finally, the Court finds that Jackson's pro se status is insufficient to establish cause for Jackson's procedural default because it repeatedly advised Jackson at the January 24, 2008 hearing that she would be much better served with the advice of counsel. Jackson was provided with ample warning of the rights she was waiving and had sufficient notice that any arguments as to the validity of her waiver would center around the January 24, 2008 hearing. Jackson cannot now assert, in the face of the Court's repeated unequivocal admonitions, that her pro se status prevented her from having available the factual and legal basis for her claim of invalid waiver of her right to counsel. Jackson's objection to Magistrate Judge Brill's R&R based on Jackson's pro se status is accordingly OVERRULED.

III. Conclusion

For the reasons stated above, Jackson's objections are overruled and the R&R [Doc. 139] is ADOPTED IN ITS ENTIRETY. Jackson's motion to vacate sentence pursuant to 28 U.S.C. § 2255 [Doc. 117] is accordingly DENIED.

11

SO ORDERED this 29 day of November, 2010.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE